WUERTH v. WUERTH.

1. NOTARIES—APPOINTMENT—BONDS—STATUTES.
    Notary public is appointed by governor, and must give bond for faithful discharge of official duties (1 Comp. Laws 1929, §§ 1403, 1406).

2. SAME—ATTORNEY AND CLIENT—TAKING TESTIMONY—DEPOSITION.
    Attorney who is notary public may not administer oath in cause in which he is professionally engaged (3 Comp. Laws 1929, § 13603), and clerks or stenographers of attorneys for parties in litigation should not be called upon to act as notaries in taking testimony in which their employers are directly interested, unless consent thereto be first obtained.

3. DISCOVERY—DEPOSITION—COURT RULES—NOTARIES—NOTICE—VACATION.
    Plaintiff's motion to vacate notice given by defendant's attorneys of taking of plaintiff's deposition pursuant to Court Rule No. 41 (1931), should have been granted, where it was proposed to take said deposition at office of defendant's attorneys and before clerk and stenographer in said office who was notary public.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 3, 1933. (Calendar No. 37,379.) Decided October 19, 1933.

Action by Martha Breitenwischer Wuerth against J. Fred Wuerth and others. On motion to vacate notice to take deposition of plaintiff. Motion denied. Plaintiff appeals. Reversed.

*Andrew J. Sawyer, Jacob F. Fahrner,* and *Ezra Frye,* for plaintiff.

*Frank B. DeVine* and *Stivers & Hooper,* for defendant First National Bank & Trust Company of Ann Arbor.

SHARPE, J. After entering a general appearance in the above-entitled cause for the defendant First National Bank & Trust Company, its attorneys, on July 7, 1933, served on the attorneys for the plaintiff a notice of the taking of the deposition of the plaintiff pursuant to Court Rule No. 41 (1931). The attorneys for the plaintiff moved to vacate the notice for the reason, among others, that it was proposed to take the deposition at the office of the attorneys for the defendant and before a clerk and stenographer in said office who was a notary public. From a denial of this motion, the plaintiff, having obtained leave, has taken this appeal.

A notary public is appointed by the governor (1 Comp. Laws 1929, § 1403), and must give bond for the faithful discharge of his official duties (section 1406). An attorney who is a notary may not administer an oath in a cause in which he is professionally engaged (section 13603). While in the strict sense of the term a notary taking a deposition is not acting as a judicial officer, he is then acting as a

temporary substitute of the court, and the certificate filed by him attesting the deposition makes it admissible in evidence in the case. It is therefore important that he should be in no way interested in the result of the litigation. It is the duty of an employee to faithfully serve his employer. Clerks or stenographers of attorneys for parties in litigation should not be called upon to act as notaries in the taking of testimony in which their employers are directly interested unless consent thereto be first obtained. When acting as a public official, all temptation to favor one of the litigants should be removed.

In holding that plaintiff was under no obligation to submit to this examination, we in no way intimate that the attorneys for the defendant, men of high standing at the bar, sought to benefit by the taking of this testimony before their stenographer as a notary public, but the rule permitting it, once established, would be applicable in other cases where the dangers of the practice would be more apparent.

The sufficiency of the notice was also attacked. It need not be considered as under the rule now in force an order of the court must be obtained for the taking of such a deposition (Court Rule No. 41 [1933]).

The order denying the motion is reversed and set aside, with costs to plaintiff, and the cause remanded with directions to the trial court to vacate the notice given.

McDonald, C. J., and Weadock, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.